Grafton,
No. 5051.

FLETCHER LOW

*v.*

CLINTON C. FARNHAM.

Argued September 5, 1962.

Decided September 28, 1962.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Robert Chiesa* (*Mr. Chiesa* orally), for the plaintiff.

*Walter D. Hinkley* and *Paul F. Donovan* (*Mr. Donovan* orally), for the defendant.

WHEELER, J. The following facts are not in serious dispute. Route 10 runs generally north and south. Rennie Road runs generally east and west. They intersect at slightly less than a right angle. There is a stop sign on Rennie Road located on the northeast corner of the intersection. Rennie Road flares out near the intersection and at that point is approximately 86 feet wide. As a motorist approaches the intersection, there is good visibility toward the north but poor visibility toward the south on Route 10. This condition requires a motorist entering Route 10 to bear to the center of Rennie Road in order to have a good view to the south.

On the day of the accident the plaintiff was proceeding westerly on Rennie Road intending to make a lefthand turn on Route 10. There was another car following about fifty feet behind the plaintiff which was not involved in the accident. The road was slippery with patches of ice. He put on his directional lights and pulled to the center of the highway before reaching the stop sign and was nearly at a stop when he first observed the defendant turning into Rennie Road from the north. He then moved further to his left leaving approximately twenty feet of pavement on his right.

The defendant was proceeding southerly on Route 10 intending

to make a left turn into Rennie Road. As he was about to turn, he observed two cars coming toward him on Rennie Road. As he started to make his turn, he observed the plaintiff bearing left and decided he had no choice but to go to the left and north of the plaintiff's vehicle. He put on his brakes, but because of the icy condition was unable to stop and struck the right side of the plaintiff's vehicle. Route 10 was dry and the defendant could have brought his motor vehicle to a stop before turning.

The chief contention of the defendant is that the plaintiff was at fault since he violated the provisions of RSA 263:33, which provides: "CROSSINGS. The driver of any motor vehicle on any highway, approaching a crossing of ways, shall slow down and keep to the right of the intersection of the centers of both ways when turning either to the right or to the left." We do not think the provisions of RSA 263:33 can be invoked. In *Stevens* v. *Polley*, 103 N. H. 229, relied upon by the defendant, the applicability of this statute was not in issue. 582 Briefs & Cases 31. The statute states in clear and unequivocal language that it applies to a driver of a motor vehicle "approaching a crossing of ways," which was not the situation here. If the statute applied to "intersecting ways" then the defendant would have a valid contention. See RSA 259:1 XIII; *Belanger* v. *Berube*, 88 N. H. 191.

There was evidence from which the Court could reasonably find that the plaintiff's conduct in pulling to the center of the highway as he approached the intersection in order to get a better view of traffic coming from the south was that of a reasonable and prudent man under all the circumstances. If this was an error of judgment, it was not necessarily negligent. *Paradis* v. *Greenberg*, 97 N. H. 173, 175.

The defendant first observed the plaintiff's vehicle when he was about to make a left turn into Rennie Road. At that time he was traveling at approximately ten miles per hour and could have brought his vehicle to a stop on Route 10 which was dry. Instead, he chose to make the turn and attempted to cut to the left of the plaintiff's vehicle. This evidence supports a finding of negligence.

*Exceptions overruled.*

All concurred.